TOMÁS ROVIRA CAMPILLO, ETC., Plaintiff and Appellee, *v.* JOSÉ DOLORES CRUZ ET AL., Defendants; ISABEL AGOSTINI, Surety and Appellant.

No. 5266.   Argued March 11, 1931.—Decided March 20, 1931.

*José Soto Rivera* for appellant.   *E. Campillo* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

In an action brought by El Banco Masónico de Puerto Rico, defendants obtained the dissolution of an attachment by furnishing a bond with sureties. After obtaining judgment, the bank assigned all its rights in the action to Tomás Rovira Campillo and moved that he be substituted as plaintiff. Following such substitution, a writ of execution was issued and returned unsatisfied. The sureties on the dissolution bond were then served with an order to show cause why a decree of forfeiture should not be entered. One of the:

1

sureties, Isabel Agostini, appeared and answered: that her contract was exclusively with the bank, that she had no previous notice of the assignment, that the bond was not assignable, that she had been released by the assignment, and that she was under no obligation to assignee. She now raises the same question on appeal from an adverse judgment.

The bond was in favor of "the plaintiff herein, Banco Masónico de Puerto Rico". It was conditioned upon plaintiff's obtainment of a judgment in its favor. Upon the rendering of such judgment the liability of the sureties became fixed. They knew that the judgment, when obtained, would be assignable. They knew that on assignment thereof the assignee would succeed to "all the rights, interests, and authority of his assignor". 34 C. J. p. 650, sec. 999; Civil Code, section 1431.

In the absence of any stipulation to the contrary, there is no reason why a dissolution bond in favor of plaintiff should not be deemed assignable. The assignment by plaintiff of all its rights in the action included the right to a forfeiture of the dissolution bond. The subrogation of the assignee to plaintiff's right of forfeiture did not operate any material change in the contract entered into by the sureties.

The judgment appealed from must be affirmed.